[No. 5154.]
[No. 2750 C. A.]

KNOX ET AL. v. DOWNS ET AL.

**Findings Sustained by the Evidence.**

Evidence examined, and held to amply support the findings of the trial court.—P. 193.

*Appeal from the District Court of El Paso County.*
*Hon. Louis W. Cunningham, Judge.*

Action by Robert Davis against A. O. Downs, Charles F. Potter, and The Chimborazo Mining Company, in which William A. Knox intervened. From a judgment for defendants, plaintiff and intervenor appeal.                    *Affirmed.*

Mr. J. P. BROCKWAY and Mr. JOHN W. SLEEPER, for appellants.

Mr. JOHN W. SHEAFOR and Mr. C. F. POTTER, for appellees.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

Appellant Davis was plaintiff and appellant Knox intervenor in the court below. Plaintiff prosecutes this suit on behalf of himself and all other stockholders of The Chimborazo Mining Company, except Potter and Downs, who, with the mining company, were defendants.

The pleadings are voluminous. No attempt will be made to set them forth in detail.

The complaint charged in substance, that Downs as a director and secretary, and Potter as attorney for the mining company, while acting in such capacities, by a combination and conspiracy between themselves, without the knowledge of other officers of the mining company, and without the knowledge of the stockholders of the company, upon alleged claims against the company which had never been presented to or allowed by the board of directors of the company, based in part upon unauthorized disbursements for the company, upon default and without the knowledge of any of the other officers of the company, procured two judgments against the company in favor of themselves, caused executions to be issued and levied upon the property of the company, and with the intent and design of preventing a fair sale under such executions, caused a notice of sheriff's sale to be published in an obscure newspaper of small circulation, published at a place remote from the place of the sale and the property to be sold, and at such sale appellee Potter, being the only person present, and the only bidder, bid in the property at the amount of the executions and costs, to whom a certificate of sale was issued, who holds the same for the benefit of himself and appellee Downs; that after the time for redemption by the company had expired, through the contrivance of appellee Potter, there

being no judgment creditors of the company who could redeem, Potter issued a circular letter to the stockholders of the company proposing to them a plan of reorganization, whereby a new corporation was to be created, to which the title to the property of the old company, by him to be secured through a sheriff's deed, was to be conveyed, a designated amount of the capital stock of the new company to be set aside as working capital, and the balance of the capital stock to be issued to the stockholders of the old company, one share of the new stock for four shares of the old, upon surrender of the stock of the old company and payment to a trustee, by him named, of $4.00 per 1,000 shares of old company stock, which sum, so to be paid in, was to be used to satisfy the claims of Downs and Potter and provide funds for perfecting the title to the property by United States patent.

The complaint contained the usual jurisdictional allegations in suits of this character.

The relief prayed, was that the judgments of Potter and Downs be set aside, that the certificate of sale be delivered to the court to be held until the determination of the suit, that Downs and Potter be declared trustees for the mining company, appellee, and to hold such certificate in trust for the company, subject to lawful claims which they or either of them may have against the mining company; that a receiver be appointed, and plaintiff be permitted to loan the receiver a sufficient amount of money to pay all claims of Downs and Potter, when such sum shall have been properly adjudicated, such loan to be made a first lien upon the property of the mining company, and for general relief.

The petition in intervention, with much elaboration, presented substantially the same allegations as the complaint, with additional allegations to the

effect, that certain personal benefits were derived by Downs and Potter from the settlement by them of the litigation involving the title to the property of the mining company, and that an accounting should be had of such matters.

Appellees separately answered, admitting all merely formal allegations of the complaint and petition in intervention, denying the material allegations thereof, and in detail minutely setting forth the history of their connection with the mining company as director and secretary and attorney for the mining company.

Replies put in issue all the allegations of new matter in the answers.

Trial to the court without a jury resulted in a judgment of dismissal of the complaint and petition in intervention, to reverse which is this appeal.

The court found:

That the defendant, Potter, was the attorney for said defendant, The Chimborazo Mining Company, in special cases, and for the purpose of conducting certain litigation of said defendant company.

That the plaintiff, Davis, and all the officers and directors of the defendant company were fully advised of the commencement of the actions mentioned in plaintiff's complaint, brought by Potter and Downs against the defendant company, and had full notice and knowledge of the judgments rendered in said actions, and of the sale of the property of said company to satisfy said judgments.

That the claims of said defendant Potter, upon which the suit was brought, were incurred by reason of the special employment of Potter on behalf of the company, made by the president and secretary of the company, and that the moneys claimed in said suits were advanced by the defendants Potter and

Downs at the instance and request of said officers, for and on behalf of said company.

That the claims for such services and money so advanced were frequently presented by Potter and Downs to the officers of said company with requests that the same be paid.

That the claims of Potter and Downs, upon which judgments were rendered, were just and valid claims against the company.

That plaintiff Davis had full knowledge of the existence of said claims and all of the transactions involved in said suits, but made no protests against the same or objections thereto before said suits were commenced, nor at any time prior to the commencement of this suit.

That the defendant company was justly and legally liable to said Potter and Downs on account of their respective claims.

That notice of said suits was brought to the attention of the board of directors of said company and to all of the officers of said company at the time of the commencement of said actions and at the time of the service of summons therein and immediately thereafter.

That the proceedings of the defendants Potter and Downs in the commencement and prosecution of said suits and the sale of the property of the defendant company in satisfaction thereof, were and are, in all respects, regular and according to law.

We have examined with great care the evidence in the record and are firmly convinced that the findings of the court as above outlined are amply sustained by the evidence, and further, that there is not in the record, any evidence sustaining or tending to sustain the allegations of conspiracy, collusion or combination charged against appellees, or either of them, between themselves or between them and the

other officers and directors of the company, to defraud the mining company out of any of its property or property rights; and, further, that all of the acts of appellee Potter as attorney and appellee Downs as secretary of the company were with the purpose and intention of protecting the title of the company in the property and preserving the same for the benefit of the stockholders of the company, and that had it not been for the efforts of the appellees in that behalf, all the property of the company would have been entirely lost to the stockholders of the company through the neglect and indifference of the other officers of the company and its stockholders; and further, that the scheme of reorganization planned and carried out by Potter and participated in by a majority of the stockholders of the mining company was eminently fair and just, and has resulted to the benefit of the stockholders so participating, which scheme was known to and might have been participated in by both plaintiff and intervenor.

The principles of law and equity invoked by counsel for appellants are well settled and not seriously contested in this case.

The rights, duties, liabilities and disabilities of attorneys, trustees, agents, officers of corporations and others occupying fiduciary relations have been so plainly laid down and firmly established by a long line of decisions of this and every other court of appellate jurisdiction of which we have any knowledge that the law in reference thereto has become elementary.

If the allegations of the complaint and petition in intervention had been proven, then such proven acts of appellees, Downs and Potter, would have constituted fraud upon the corporation and its stockholders, and the relief prayed should have been, and

would have been, granted; but the evidence utterly failed to prove the allegations, and in our judgment failed to prove any facts or circumstances from which a legal inference of any fraud whatever might be drawn.

There was an utter failure to prove the essential facts upon which the case rested.

This being the case, a discussion of the numerous authorities cited is unnecessary.

The judgment of the court below was right and will be affirmed.                    *Affirmed.*

Chief Justice Steele and Mr. Justice Caswell concurring.